UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAT VAUGHN,

                    Plaintiff,

            -against-

RYAN HEALTH CARE CENTER; MARTIN
A. AVILES OD; JANE DOE, MEDICAL
TECHNICIAN,

                    Defendants.

22-CV-1637 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity

jurisdiction, 28 U.S.C. § 1332. By order dated February 28, 2022, the Court granted Plaintiff's

request to proceed *in forma pauperis* (IFP), that is, for a waiver of the filing fees. For the reasons

set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, but

grants Plaintiff 30 days' leave to replead his claims.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Nat Vaughn is a "77-year-old American man of color who is presently being treated for a coronary artery disease involving coronary artery of native heart with angina pectoris (HCC) plus an hypertension condition." (ECF 2, at 4.)[1] He sues Ryan Health Care Center (Ryan Health), a community health center located in Manhattan that "is dedicated to providing high quality, affordable, comprehensive, linguistically appropriate, and culturally competent care services to a medically underserved population[]." (*Id.* at 5.) Also named as

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

defendants are Dr. Martin A. Aviles, OD, an optometrist who examines patients once a week "as a contracted vendor" at Ryan Health, *id.*, and a Jane Doe Medical Technician who is employed at Ryan Health. Plaintiff invokes the Court's diversity of citizenship jurisdiction, alleging that Defendants violated his rights when Aviles chose to stop seeing Plaintiff as a patient as a result of allegedly inappropriate remarks Plaintiff made to a medical technician during an exam.

The following allegations are taken from the complaint. On January 19, 2022, Plaintiff arrived at Ryan Health for an appointment with Aviles. During that appointment, Aviles told Plaintiff that he would no longer be treating Plaintiff because of a November 19, 2021, incident in which Defendant Jane Doe Medical Technician accused Plaintiff of being "rude and inappropriate" and "frighten[ing] her" during an eye examination. (*Id.*) Plaintiff alleges that Aviles never "state[d] clearly and in detail" the specific allegations against him and that Aviles "failed to produce any additional complaining medical technicians who the Plaintiff has frightened [or] was rude and inappropriate [to] during any prior" examinations. (*Id.*)

After being told that Aviles would no longer treat him, Plaintiff "spoke briefly" with Ryan Health Care Center Deputy Director Denise Fontanez-Rodriguez, who "assured the Plaintiff that she would be looking into the matter." (*Id.*)

On January 21, 2022, Plaintiff attempted to enter Ryan Health to speak with Dr. Richard B. Lee, DDS, regarding a prescription and future dental appointments. Plaintiff was "detained" by a security officer, who asked Plaintiff to remain in the lobby to speak with Ryan Health Executive Director Samuel Bartels. (*Id.*) Bartels told Plaintiff that he was going to "collect statements" as part of his investigation, and that until he completed his investigation Plaintiff "would not be permitted to continue[] his urgent dental care at the Ryan Health Center." (*Id.* at 6.)

In late January 2022, Bartels informed Plaintiff that he had completed his investigation and confirmed that the Jane Doe Medical Technician had accused Plaintiff of making inappropriate comments. Plaintiff alleges that his "request[s] for documents" have been "completely disregarded" and he appears to challenge the technician's allegations as "inadmissible hearsay . . . that [is] not subject to any exception."[2] (*Id.*)

Plaintiff alleges that as a result of the "unconfirmed inadmissible hearsay allegation," he has been denied access to the dental clinic where he was being treated by Dr. Lee for a wisdom tooth infection. (*Id.* at 2.) He states that he will be undergoing oral surgery at Bellevue Dental Clinic "in the very near future" and, as Dr. Lee is familiar with Plaintiff's medical history, "it would be prudent" for Dr. Lee to provide Plaintiff's future dental care. (*Id.* at 3.)

Plaintiff seeks an order directing Defendants to permit him to continue being treated as a patient at the Ryan Health Care Center, as well as $1,000,000 in actual and punitive damages.

Plaintiff attaches various documents to the complaint, including a calendar appointment reminder for a November 19, 2021, eye doctor appointment; copies of dental x-rays; copies of appointment cards indicating that, among other things, Plaintiff has an appointment with Dr. Lee scheduled for March 2, 2022; various prescriptions written for Plaintiff; and a letter from Plaintiff to Fontanez-Rodriguez asking her to investigate Aviles's decision to no longer treat Plaintiff.

---

[2] Elsewhere in the complaint, Plaintiff characterizes the technician's statement as "an unsupported unconfirmed inadmissible hearsay allegation," a proposition for which he cites Black's Law Dictionary. (*Id.* at 2.) Plaintiff's allegations do not suggest that such statements were introduced in any proceeding governed by federal or state rules of evidence.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua*

*sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own

initiative . . . .").

Plaintiff purports to bring his claims under the Court's diversity jurisdiction, but he does

not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish

jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the

defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388

(1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in

excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C.

§ 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)

(citation and internal quotation marks omitted).

Here, Plaintiff indicates that he is a resident of New York and that Ryan Health Care

Center maintains its principal administrative offices in New York. (*See* ECF 2, at 4.) He does not

allege any further facts regarding Ryan Health's connections with any other state, nor does he allege facts indicating Aviles's state citizenship. Because Plaintiff has not alleged facts indicating he and defendants are citizens of different states, the Court cannot find that it has diversity jurisdiction of Plaintiff's case.

Even if there were complete diversity among the parties, Plaintiff's complaint would be insufficient to demonstrate that the Court has diversity jurisdiction because, although Plaintiff has demanded $1,000,000 in damages, Plaintiff has not alleged facts suggesting that his claim is in excess of the $75,000.00 statutory jurisdictional amount. There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). But where a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650, 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)).

Here, Plaintiff requests $1,000,000 in "actual and punitive damages," ECF 2, at 7, but he fails to allege facts plausibly suggesting that he has suffered any actual damages at all, much less that the amount in controversy exceeds the $75,000.00 statutory minimum. In fact, it is unclear what state law claims, if any, Plaintiff is asserting for which he may be able to recover damages. The Court therefore lacks diversity jurisdiction of Plaintiff's claims.

Plaintiff also fails to allege facts suggesting that the Court has federal question jurisdiction of his claims. To support federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff does not assert a federal cause of action, nor can the Court identify a viable federal claim arising from Plaintiff's allegations. Outside of the prisoner context, there is no general constitutional right to adequate medical care, let alone a right to receive care at a specific clinic location. Plaintiff suggests that Defendants have violated his rights under the "Patients' Bill of Rights." (*See* ECF 2, at 1, 6, 7.) Although it is unclear to which "Patient's Bill of Rights" Plaintiff refers, state and federal Patients' Bills of Rights generally do not create enforceable federal rights. *See, e.g.*, *Baum v. Northern Dutchess Hosp.*, 764 F. Supp. 2d 410, 426-27 (N.D.N.Y. Jan. 24, 2011) (collecting cases). Because Plaintiff's allegations do not suggest a viable claim arising under federal law, the Court lacks federal question jurisdiction of Plaintiff's claims.

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court therefore grants Plaintiff 30 days' leave to file an amended complaint alleging facts showing that the Court has diversity jurisdiction of his claims, that is, to allege facts showing that he and defendants are citizens of different states and that his claims are in excess of the $75,000.00 statutory minimum.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiffs want to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). But the Court grants Plaintiff 30 days' leave to file an amended complaint to allege facts showing that the Court has diversity jurisdiction to consider this action. An Amended Complaint form is attached to this order. If Plaintiff fails to comply with this order within the time allowed, the Court will enter judgment dismissing this action for lack of subject matter jurisdiction. *See id.*

The Court instructs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    March 7, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____                    ____ Civ. _____ ( ____ )

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*          **AMENDED
COMPLAINT**

          **-against-**

_____          Jury Trial:  □ Yes      □ No

_____                    (check one)

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
        identification number and the name and address of your current place of confinement.  Do the same
        for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name _____

               Street Address _____

               County, City _____

               State & Zip Code _____

               Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual.  Include the address where
        each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
        contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1 Name  _____

     Street Address  _____

     County, City  _____

     State & Zip Code  _____

     Telephone Number  _____


Defendant  No. 2 Name  _____

     Street Address  _____

     County, City  _____

     State & Zip Code  _____

     Telephone Number  _____


Defendant  No. 3 Name  _____

     Street Address  _____

     County, City  _____

     State & Zip Code  _____

     Telephone Number  _____


Defendant  No. 4 Name  _____

     Street Address  _____

     County, City  _____

     State & Zip Code  _____

     Telephone Number  _____


## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction?  *(check all that apply)*

   ☐ Federal Questions    ☐ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue?  _____

   _____

   _____

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

   Plaintiff(s) state(s) of citizenship  _____

   Defendant(s) state(s) of citizenship  _____

   _____

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts: _____

_____

| What happened to you? |

_____
_____
_____

| Who did what? |

_____
_____
_____

| Was anyone else involved? |

_____

| Who else saw what happened? |

_____
_____
_____
_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address             _____

                            _____

                            _____

Telephone Number            _____

Fax Number *(if you have one)*   _____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:     _____

Inmate Number               _____